IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ABDUL ALIM, aka Kenneth Griggs, )
H66272, )
                                        Plaintiff(s), )      No. C 15-2025 CRB (PR)
   v. )      ORDER OF SERVICE
J. CRUZEN, et al., )
                                        Defendant(s). )

Plaintiff, a Muslim prisoner at San Quentin State Prison (SQSP), has filed a pro se complaint under 42 U.S.C. § 1983 seeking compensatory and injunctive relief for infringement on his right to free exercise of religion in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. Plaintiff also claims violation of his Fourteenth Amendment right to equal protection and retaliation.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Plaintiff alleges that Correctional Sgt. J. Cruzen and correctional officers C. Caldera, R. Christensen and D. Ogle (defendants) have substantially inhibited the practice of his religion through the creation of an "underground rule" that prohibits plaintiff and other SQSP Muslim prisoners from congregating in groups of more than four for daily prayers, despite an administrative ruling which allows up to fifteen prisoners to congregate at a time. Plaintiff believes that congregational prayer provides "twenty-five (25) to twenty-seven (27) times more blessings" than individual prayer. Compl. at 8. Plaintiff also alleges that defendants have violated his right to equal protection by affording prisoners of other religions the opportunity to participate in congregational prayer in groups of more than four prisoners, and retaliated against him for filing an administrative appeal regarding the "underground rule" by preventing him from participating in congregational prayer during the Holy Month of Ramadan. Liberally construed, plaintiff's allegations appear to state cognizable § 1983 claims for violation of his First Amendment right to free exercise of religion and Fourteenth Amendment right to equal protection, and for retaliation. See, e.g., Freeman v. Arpaio, 125 F.3d 732, 736 (9th Cir. 1997) (prison officials may not burden the practice of prisoner's religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests); Allen v. Toombs, 827 F.2d 563, 568-69 (9th Cir. 1987) (equal

2

protection requires that prisoner who adheres to minority religion be afforded reasonable opportunity of pursuing his faith comparable to opportunity afforded fellow prisoners who adhere to conventional religious precepts); Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003) (prisoner may not be retaliated against for filing administrative grievance or appeal).  Plaintiff's allegations also implicate RLUIPA, which provides: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 [which includes state prisons, state psychiatric hospitals, and local jails], even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this order on the following defendants at SQSP: Correctional Sgt. J. Cruzen, Correctional Officer C. Caldera, Correctional Officer R. Christensen, and Correctional Officer D. Ogle.  The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

   a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual

documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a <u>Rand</u> notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. <u>Woods v. Carey</u>, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in <u>Rand v. Rowland</u>, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. <u>Stratton v. Buck</u>, 697 F.3d 1004, 1008 (9th Cir. 2012); <u>Woods</u>, 684 F.3d at 935 (notice requirement set out in <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003), <u>overruled on other grounds by</u> <u>Albino v. Baca</u>, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

    If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

        b.    Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

        c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there

is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show

that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  <u>Stratton</u>, 697 F.3d at 1008-09.

(The <u>Rand</u> and <u>Wyatt/Stratton</u> notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  <u>Woods</u>, 684 F.3d at 935.)

  d. Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

  e. The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: <u>July 31, 2015</u>    _____
               CHARLES R. BREYER
               United States District Judge

G:\PRO-SE\CRB\CR.15\Alim,A.15-2025.service.final.wpd